IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI GARY SPRINGER,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:12cv00074 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **RANDAL MATHENA, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants. | ) | United States Magistrate Judge |

The pro se plaintiff, Levi Gary Springer, is an inmate at Red Onion State Prison, ("ROSP"). This case is before the court on the plaintiff's Motion For Preliminary Injunction And Temporary Restraining Order, (Docket Item No. 42), ("Motion"), seeking unspecified injunctive relief. The defendants have responded to the Motion. None of the parties have requested a hearing. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

Springer brings this civil rights action against several correctional officers, prison workers and ROSP Warden Randal Mathena. Springer seeks damages and injunctive relief under 42 U.S.C. § 1983 for interference with his access to the courts, cruel and unusual punishment and deliberate indifference to his medical needs. While Springer's Complaint states that it seeks injunctive relief, it does not specify the relief he is requesting. By Order entered February 28, 2012, the court allowed Springer to amend his Complaint. This amendment, (Docket Item No. 9),

1

contained no request for injunctive relief. By Order entered May 25, 2012, the court allowed Springer's Complaint to be amended pursuant to his April 30, 2012, Motion To File An Amended Complaint, (Docket Item No. 20). This motion to amend contained no request for injunctive relief. By Order entered June 26, 2012, the court allowed Springer's Complaint to be amended pursuant to his June 20, 2012, Motion To Amend Complaint, (Docket Item No. 41). This motion to amend contained no request for injunctive relief. By Order entered August 14, 2012, the court allowed Springer's Complaint to be amended pursuant to his July 16, 2012, Motion To Amend Complaint, (Docket Item No. 56). This motion to amend contained no request for injunctive relief.

On June 22, 2012, Springer filed the Motion, which was sworn to under oath. In the Motion, Springer listed numerous complaints. These complaints include allegations that: (1) his legal mail is being interfered with and is not being delivered; (2) an unknown substance has been placed in his food, which has caused him to suffer from allergic reactions; (3) the prison medical staff refuses to perform certain testing related to these allergic reactions; (4) his incoming mail is not being delivered to him; and (5) the telephone was disconnected while he was talking to family members. The Motion, however, does not specify the specific injunctive relief Springer is requesting. Instead, the Motion states only:

> … Plaintiff requests this court consider the substantial civil, and human rights that are blatantly being violated every week, clearly deliberate indifference showing current and past suffering, and future suffering that is inevitable.

Springer has attached a number of exhibits to the Motion. These include a May 21, 2012, response to an inquiry by Springer; a March 3, 2012, Informal Complaint

2

filed by Springer regarding his inability to obtain complaint forms; a March 11, 2012, Informal Complaint filed by Springer regarding the failure to deliver his legal mail; a March 12, 2012, Informal Complaint filed by Springer regarding denial of access to legal materials; a June 5, 2012, letter to Springer from the Clerk of the United States Supreme Court; a May 16, 2012, letter to Springer from the Clerk of the United States Supreme Court; a May 23, 2012, letter to Springer from the Clerk of the United States Supreme Court; a May 21, 2012, two-page letter from Springer to the Clerk of the United States Supreme Court; a certificate of service; and a United States Supreme Court docket.

## *II. Analysis*

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1992) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the actions; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D. Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 811-12).

Based on the information currently before the court, I find that Springer has failed to establish that the entry of a preliminary injunction is appropriate. In particular, Springer has failed to specify what injunctive relief he is seeking. Without knowing what relief Springer is seeking, the court cannot determine the likelihood of irreparable harm if the relief is denied, the likelihood of harm to the opposing party if the relief is granted, Springer's likelihood of success on the merits or the public interests involved. Therefore, I recommend the court deny the Motion.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Springer has failed to request any specific injunctive relief; and
2. Springer has failed to demonstrate that the entry of a preliminary injunction is appropriate.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 21st day of September, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE