IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LEVI GARY SPRINGER,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:12cv00074 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **RANDAL MATHENA, et al.,**[1] | ) | By: PAMELA MEADE SARGENT |
| Defendants. | ) | United States Magistrate Judge |

The pro se plaintiff, Levi Gary Springer, is an inmate at Red Onion State Prison, ("ROSP"). This case is before the court on the defendants, Randall Mathena, T. Pease, J. Edney, L. Collins, K. Sykes and F. Stanley's supplemental motion for summary judgment, (Docket Item No. 87). None of the parties have requested a hearing. The motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

Springer brings this civil rights action against several correctional officers, prison workers and ROSP Warden Randall Mathena. Springer seeks damages and unspecified injunctive relief under 42 U.S.C. § 1983 for interference with his access to the courts and cruel and unusual punishment.[2] This court has granted defendants' earlier motion for summary judgment, in part, by Order dated January

---

[1] Defense counsel has advised the court that the correct spelling of Mathena's first name is Randall.

[2] Springer's claims are contained in his Complaint and in several motions to amend that the court has granted.

15, 2013, (Docket Item No. 80.) As a result, the only remaining issues in this case include Springer's allegation that defendant Collins violated his Eighth Amendment right to be free from cruel and unusual punishment by instigating other inmates to place feces and urine in his cell vent causing unsanitary living conditions and by tampering with and placing substances in his food trays. Springer also alleges that defendant Pease violated his right of access to the courts by delaying the delivery of his mail, which caused him to miss a court deadline resulting in dismissal of his petition for a rehearing on his habeas case in the United States Court of Appeals for the Fourth Circuit. The remainder of Springer's allegations were dismissed by this court's January 15, 2013, Order, and, as a result, the remaining defendants, Mathena, Edney, Sykes and Stanley, should be terminated from this action.

Regarding his Eighth Amendment claims against Collins, Springer, in a March 2, 2012, Affidavit, stated only that Collins "purposely and sadistically instigat[ed] inmates directly above and … next door to fill the vents with urine and feces." (Docket Item No. 9, ("Springer Affidavit"), at 3). In his response to the supplemental motion for summary judgment, Springer states only that the offender in 503 placed feces in the ventilation system. (Docket Item No. 97). In this pleading, Springer alleges that Collins "instigated" this, but he alleges no facts to support this conclusion. Regarding his claim that Collins tampered with his food, Springer alleges that he broke out in a rash and became ill on two separate dates in May 2012 after receiving a food tray. On one of these occasions, he alleges that Collins delivered his tray. Springer also alleges that there were no work orders to clean the vents because Collins refused to notify anyone of the need to clean.

In support of their supplemental motion for summary judgment, the defendants have filed the affidavit of defendant Collins, a Sergeant at ROSP. (Docket Item No. 88, Att. No. 1, ("Collins Affidavit")). Collins stated that he did not instruct or encourage offenders to place feces or urine in Springer's or any offender's cell. (Collins Affidavit at 1.) He stated that he did not deny Springer informal complaint forms or grievance forms. (Collins Affidavit at 2.) In an additional affidavit, Collins has denied ever placing "anything into Springer's food…." (Docket Item No. 102, Att. No. 1, ("Collins 5/30/13 Affidavit")).

The defendants also filed an affidavit from R. O'Quinn in support of their supplemental motion for summary judgment, (Docket Item No. 88, Att. No. 2, ("O'Quinn Affidavit")). O'Quinn stated that he was a plumber with Buildings and Grounds at ROSP. (O'Quinn Affidavit at 1.) He stated that Springer was in cell C-5-504 from February through April 2012. (O'Quinn Affidavit at 1.) He stated that cells 503 and 505 are directly on each side of cell 504. (O'Quinn Affidavit at 1.) O'Quinn stated that cells 503 and 504 share the same ventilation system, and cells 504 and 505 do not. (O'Quinn Affidavit at 1.) He stated that there are no records or work orders for cells 503, 504 or 505 concerning any complaints or problems with the ventilation system, feces and urine in the vents or any smell coming from the vents. (O'Quinn Affidavit at 1.) O'Quinn stated that cells 513 and 514 are the cells on the upper tier over Springer's cell. (O'Quinn Affidavit at 2.) He stated that these cells share the same ventilation system as cell 504, and there were no work orders for cells 513 or 514 concerning any complaints or problems with the ventilation system, feces and urine in the vents or any smell coming from the vents during the time Springer was in cell 504. (O'Quinn Affidavit at 2.) He stated that a work order would have been generated and the problem would have been fixed if there had been a problem with these cells. (O'Quinn Affidavit at 2.) O'Quinn stated that

offenders cannot remove covers from the vents; however, they will use something in their cells to collect feces and urine, and will attempt to squirt or fling the substance into the vent. (O'Quinn Affidavit at 2.) He stated that, when this happens, a work order is completed, and a hazmat crew comprised of offenders will go into the cell and clean out the vents and sterilize them. (O'Quinn Affidavit at 2.) He stated that records show that cell C-504 was vacuumed on February 14, 2012, and again on November 26, 2012. (O'Quinn Affidavit at 2.) He stated that on February 13, 2013, he personally inspected the vent in cell 504 and found no feces or other substance in the vent. (O'Quinn Affidavit at 2-3.)

The defendants also filed an affidavit from T. Pease in support of their supplemental motion for summary judgment, (Docket Item No. 88, Att. No. 3, ("Pease Affidavit")). Pease stated that she is a postal assistant in the mailroom at ROSP. (Pease Affidavit at 1.) Springer alleges that the United States Fourth Circuit Court of Appeals mailed a document to him on July 21, 2011, but that he did not receive it until August 11, 2011. Pease stated that a document from the Fourth Circuit Court of Appeals would be treated as legal mail. (Pease Affidavit at 1.) She stated that the mailroom maintained incoming legal mail log books and that incoming legal mail must be opened in the presence of the offender and checked for contraband. (Pease Affidavit at 1.) She stated that the contents of the mail are not read. (Pease Affidavit at 1.) A correctional officer takes the incoming legal mail log book with him when delivering legal mail. (Pease Affidavit at 1-2.) After opening the mail in the offender's presence, he presents the log book to the offender by passing it through the offender's food tray slot. (Pease Affidavit at 2.) The offender signs the log book, acknowledging that he received his piece of legal mail. (Pease Affidavit at 2.) Pease stated that the incoming legal mail log book for the July-August 2011 period was destroyed by an offender in May 2012 and no

longer exists. (Pease Affidavit at 2.) Based on this, Pease stated that she was unable to determine when Springer's legal mail from the United States Fourth Circuit Court of Appeals was received and delivered to him. (Pease Affidavit at 2.)

In a Memorandum In Support Of Defendants' Supplemental Motion For Summary Judgment, (Docket Item No. 88, ("Defendants' Brief")), the defendants state that the docket and record in the United States Court of Appeals for the Fourth Circuit, Case No. 11-6647, which is Springer's appeal of his petition for habeas corpus, shows that no documents were generated, and no orders were entered during the month of July 2011. (Defendants' Brief at 2, 5.) A review of the court's docket shows that Springer filed an informal opening brief in the Fourth Circuit case on June 9, 2011. On June 16, 2011, correspondence requesting a copy of the informal opening brief from Springer was docketed. The next item on the court's docket is dated October 3, 2011, which is a letter from Springer requesting a copy of the court's docket. On October 5, 2011, the court entered an opinion dismissing Springer's case because he failed to make the requisite showing for a certificate of appealability. The court's docket does not indicate that anything was filed and/or mailed during the month of July or August 2011.[3]

---

[3] Interestingly enough, Springer appealed a prisoner civil rights case in the Fourth Circuit, docket number 11-6727. On July 5, 2011, the court sent a Rule 45 Notice to Springer stating that the court would dismiss his case for failure to prosecute unless he filed an application to proceed without prepayment of fees. On July 21, 2011, Springer was granted leave to proceed without full prepayment of fees, and his informal opening brief was filed. By order entered August 4, 2011, the court vacated its July 21, 2011, order granting leave to proceed without the prepayment of fees. This decision was based on Springer having filed three previous civil actions in federal court which were dismissed as frivolous or for failure to state a claim. On August 31, 2011, the court dismissed Springer's case for failure to prosecute.

*II. Analysis*

The defendants have moved for entry of summary judgment in their favor asserting that there is no genuine issue of material fact, and Springer has failed to produce evidence that Collins violated his Eighth Amendment right to be free from cruel and unusual punishment based on allegations that Collins caused other offenders to place feces and urine in the ventilation system or that Collins tampered with his food. The defendants also have moved for summary judgment on Springer's claim that Pease violated his right of access to the courts by delaying the delivery of his mail, which interfered with his ability to request cases for a rehearing.

With regard to a motion for summary judgment, the standard for review is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. In order to be successful on a motion for summary judgment, a moving party "must show that there is an absence of evidence to

support the non-moving party's case" or that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, *Ky.,* 93 F.3d 230, 233 (6th Cir. 1996).

The defendants argue that summary judgment should be entered in their favor on Springer's cruel and unusual punishment claim. The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." U.S. CONST. amend. VIII. This amendment not only prohibits excessive sentences, but it also protects inmates from inhumane treatment and conditions while imprisoned. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To make a claim under the Eighth Amendment and to be entitled to any relief, the plaintiff must establish objectively that he is at risk of serious harm, and subjectively that the defendant knew of the risk, and not withstanding such knowledge, acted with deliberate indifference to that risk. *See Farmer v. Brennan,* 511 U.S. 825 (1994).

Any conditions of confinement claim has two separate components. First, the inmate must demonstrate an objectively serious constitutional injury. *See Wilson v. Seiter,* 501 U.S. 294 (1991). The Fourth Circuit has indicated that this is an extremely tough standard for the inmate to meet. *See Strickler v. Waters,* 989 F.2d 1375 (4th Cir. 1993), *cert. denied,* 510 U.S. 949 (1993); *Hudson v. McMillian,* 503 U.S. 1 (1992) (extreme deprivations required to make out conditions of confinement claim).

The second prong of the *Wilson v. Seiter* test is a subjective one: whether the named defendant acted with a sufficiently culpable state of mind. In this context, the standard is one of "deliberate indifference." To demonstrate deliberate indifference, an inmate must show that the defendants were aware of the allegedly

unconstitutional conditions, had the authority and the ability to correct those conditions, but that notwithstanding their knowledge and ability to act, the defendants were deliberately indifferent and did nothing. *See Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir. 1991).

Collins has provided a sworn affidavit stating that he has not instructed or encouraged offenders to place feces or urine in Springer's or any offender's cell. (Collins Affidavit at 1.) In addition, a sworn affidavit was provided by O'Quinn, a plumber with Buildings and Grounds at ROSP, stating that there are no work orders for Springer's cell during the relevant time period or the connecting cells concerning any complaints or problems with the ventilation system, feces and urine in the vents or any smell coming from the vents. (O'Quinn Affidavit at 1.) Collins also has provided a sworn affidavit stating that he has never placed anything in Springer's food. (Collins 5/30/13 Affidavit at 1).

The only "evidence" Springer has produced are his allegations that Collins instigated the inmates to place feces in the vent and his allegation that Collins placed something in his food. Springer does not, however, offer any evidence to support these conclusory statements. He does not state that he observed Collins encouraging or instructing inmates to place feces and urine in the vents. He does not state that he observed Collins placing something in his food. I find that these simple conclusory statements, without more, do not create genuine issues of fact. Based on this, I find that the entry of summary judgment in Collins's favor is appropriate on Springer's cruel and unusual punishment claims that Collins caused other offenders to place feces and urine in the ventilation system and that Collins tampered with his food.

The defendants also assert that Springer has failed to state a claim upon which relief may be granted for denial of access to the courts, in that he has failed to allege any injury suffered. As stated above, Springer's claim for interference with his access to the courts is based on allegations that his legal mail has been tampered with or not delivered.

A prisoner's right to "adequate, effective, and meaningful" access to the courts was "established beyond doubt" more than 35 years ago. *See Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). To prove that a prisoner has been denied this right, a prisoner must show that he has suffered an "actual injury" because of the restrictions imposed upon him. *Strickler*, 989 F.2d at 1383-85. The requirement of an "actual injury" means the deprivation of legal materials "actually prevented [plaintiff] from meeting deadlines, or otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts." *Oswald v. Graves,* 819 F. Supp. 680, 683 (E.D. Mich. 1993).

Springer alleges that he missed a court deadline resulting in dismissal of his petition for rehearing on his habeas corpus case in the Fourth Circuit, case number 11-6647. In his informal complaint, Springer alleges that the United States Court of Appeals for the Fourth Circuit sent him mail on July 21, 2011, which he received three weeks later on August 11, 2011. (Docket Item No. 8 at 15.) A review of the United States Court of Appeals for the Fourth Circuit's docket in case number 11-6647 shows that no document was sent from the court on July 21, 2011, or any other day in July 2011. Furthermore, no documents were filed in this case until September 12, 2011. Based on this, Springer fails to show an actual injury to his litigation. Therefore, I will recommend that the court enter summary

judgment in the defendants' favor on Springer's claim regarding denial of access to the courts.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. There are no genuine issues of material fact, and entry of summary judgment in Collins's favor is appropriate on Springer's claims of cruel and unusual punishment based on his allegations that Collins ordered other offenders to place feces and urine in the ventilation system and that Collins tampered with his food;

2. Springer has failed to provide evidence of an actual injury based on defendant Pease's alleged failure to deliver his legal mail; and

3. Entry of summary judgment in Pease's favor is appropriate on Springer's claim of denial of access to the courts.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the defendants' supplemental motion for summary judgment.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: June 5, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE